UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 2:12-cv-54-FtM-29DNF

C.B. and N.B. as Parents and Guardians
of C.B. a minor,

    Plaintiffs,

vs.

CATHERINE HILE and
THE LEE COUNTY SCHOOL BOARD

    Defendants,

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

Plaintiffs, C.B. and N.B. as Parents and Guardians of C.B., sue Defendants, CATHERINE HILE and THE LEE COUNTY SCHOOL BOARD, and allege as follows:

### INTRODUCTION

1.     C.B. is a low functioning, non-verbal autistic minor with little to no ability to communicate to his parents or the outside world. C.B. was subjected to abuse while in Kindergarten at Gulf Elementary School. Gulf Elementary School is an elementary school within the Lee County school district. C.B. was subjected to physical violence and abuse at the hands of CATHERINE HILE, his assigned teacher during the 2008-2009 school year. This abuse was witnessed and reported to the school's administration by teachers' aids. Hile was allowed to continue in the classroom and continue to abuse C.B., until she was eventually removed towards the end of the school year. Plaintiffs allege that THE LEE COUNTY SCHOOL BOARD engaged in a custom, policy and/or practice of failing to adequately screen potential teachers and staff and/or ignore the results of employee screenings when the

Case 2:12-cv-00054-JES-DNF Document 1 Filed 01/30/12 Page 2 of 20 PageID 2

CB and NB vs. Hile, et al
Complaint

screening(s) showed the potential employee would be inappropriate for placement in a classroom. Hile had prior incidents of violence towards students at other schools that was known or should have been known to the School Board. Plaintiffs allege that the School Board engaged in a custom, policy and/or practice of failing to adequately train and supervise its staff and agents to ensure that students are not subjected to physical abuse, excessive force and violence. This inadequate training and supervision and improper hiring amounts to deliberate indifference to the rights of students that may come in contact with Hile, and/or the staff and agents of the Gulf Elementary School. The School Board was on notice of the inadequate training and improper supervision. The policies, customs and/or practices contributed to, if not caused, the application of physical abuse, excessive force and violence upon C.B.

## JURISDICTION

2. This is an action for injunctive relief and damages, to redress Defendants' deprivation of Plaintiffs' rights, secured to them by the laws and Constitution of the United States and the State of Florida. This action arises under 42 U.S.C. § 1983 for which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. Attorney's fees and costs are sought pursuant to 42 U.S.C. § 1988.

4. All acts of Defendants and their agents have been taken under color of state law in that their acts were taken under the authority each possessed by virtue of their employment with the state. Each abused their respective positions given to them by and under the authority of the state as more fully set forth below.

5. This Court has supplemental jurisdiction over the state law and constitutional claims pursuant to 28 U.S.C. § 1367. The federal and state claims arise out of a common nucleus of operative facts and the same evidence will establish both the federal and state claims.

Case 2:12-cv-00054-JES-DNF   Document 1   Filed 01/30/12   Page 3 of 20 PageID 3

*CB and NB vs. Hile, et al*
*Complaint*

## PARTIES

6. Plaintiff C.B. is a legal parent and guardian of C.B., and an adult resident of Lee County, Florida.

7. Plaintiff N.B. is a legal parent and guardian of C.B., and an adult resident of Lee County, Florida.

8. Plaintiff C.B. is and was at all times material a low functioning, non-verbal autistic minor that was still in diapers and possessed little to no ability to communicate with his parents or the outside world and was otherwise defenseless. He resided in Lee County, Florida during the instances of abuse.

9. Defendant THE LEE COUNTY SCHOOL BOARD (School Board) at all times material was part of the state's program of public education and duly organized under the laws of the State of Florida. The School Board operated Gulf Elementary School which is a public school and a state actor.

10. CATHERINE HILE (Hile), was a teacher at the Gulf Elementary School when she abused C.B. She was an employee of the state acting pursuant to the power she possessed by state authority, took part in unconstitutional acts against C.B., and is sued in her individual capacity.

## FACTS AND GENERAL ALLEGATIONS

11. On or about August 2008 through May 2009, C.B. was enrolled at the Gulf Elementary School where Hile served as his Kindergarten teacher.

12. Hile has a history of physical abuse, violence and inappropriate behavior towards students dating back to 1994.

Case 2:12-cv-00054-JES-DNF  Document 1  Filed 01/30/12  Page 4 of 20 PageID 4

CB and NB vs. Hile, et al
Complaint

        a. In 1994, Hile was given a formal letter of reprimand for striking a student in the face, using inappropriate language and having what appeared to be an unsafe classroom.

        b. In 2005, Hile was suspended, and later resigned as the school board in Charlotte County was moving forward with discipline which would have included her firing, for hitting students, including an autistic student, at a school for children with disabilities.

        c. In 2005, Hile was caught, by more than one witness, tying a special needs student to a chair and putting hand sanitizer in that student's mouth to get him to stop yelling.

        d. In 2006, Hile was terminated from her position as an exceptional student education liaison at a middle school in Arcadia, Florida after she refused to resign.

        e. In May 2008, Hile agreed to accept a letter of reprimand from the Florida Department of Education.

        f. In early October 2008, and before the documented abuse of C.B., Hile was found lying on top of a 5-year-old student in a position that was not part of any recognized or accepted disciplinary, therapeutic or protective system. A police report was filed where red marks on the child's face were documented.

13. The School Board was aware of, or should have been aware of, these instances of misconduct, as the 2008 incident happened at Gulf Elementary School.

14. C.B.'s parents were unaware of Hile's history until after the abuse of their son had taken place.

15. A special custodial relationship existed at all times material between the Defendants and C.B. and Defendants had the duties to provide adequate protection, education, and supervision while C.B. was a special education student at this school.

Case 2:12-cv-00054-JES-DNF   Document 1   Filed 01/30/12   Page 5 of 20 PageID 5

*CB and NB vs. Hile, et al*
*Complaint*

16.   During C.B.'s time at the Gulf Elementary School he was subjected to physical and emotional abuse by Hile including the twisting of his wrists until pain was induced; the bending of his fingers backwards to induce pain; pinching, pushing, pulling, hitting and striking of C.B.; and forced feeding.

17.   Towards the end of the fall semester of 2008, C.B. came home with unexplained bruising and marks that reoccurred until Hile's dismissal in April of 2009.

18.   C.B., one of C.B.'s parents, met with the principal, Martin Mesch, on more than one occasion to discuss the bruising and marks.

19.   Despite learning of Hile's past and having knowledge of the police investigated incident of October 2008, Mesch took no action nor did he ascertain the origin or reasons behind the marks on C.B.

20.   Mesch and the School Board had been warned since early in the 2008-2009 school year that Hile had been abusing students in her current class; was dangerous to the special needs students in her class; was otherwise unfit to be in that classroom; and was dangerous to these students.

21.   In early October 2008 administrators at Gulf Elementary School, including Mesch, were informed by eyewitnesses including aides in the classroom of Hile knocking out a student's tooth; scratching a student; scooping food out of children's mouths, holding their noses closed; physically leaning on top of children as they were sitting at their desks; inappropriate and unlawful restraints of children; rubbing a child's own spit on his face; causing hand sanitizer to be put in children's mouths (like in 2005); and grabbing children by the arm in an aggressive fashion and intimidating them.

Case 2:12-cv-00054-JES-DNF Document 1 Filed 01/30/12 Page 6 of 20 PageID 6

*CB and NB vs. Hile, et al*
*Complaint*

22. Rather than take action in early October 2008, Mesch suggested to Hile that she try to work out her differences with the witnesses/aides.

23. In early December 2008, teacher's aides reported Hile using excessive force and leaving marks on a student C.B. Hile admitted to using force in this situation.

24. Mesch even eyeballed marks on a student left by Hile.

25. In early January of 2009, teacher's aide Melissa Larsen sent an e-mail to Mesch, and others, documenting five days of abuse by Hile towards students in her class, including C.B. The dates were January 7-9 and January 13-14 of 2009. In the e-mail Larsen again expressed concern for the safety of the children in Hile's care.

26. Hile would hold C.B. down in a chair knowing the child has sensory issues and knowing there would be a disruptive reaction. This happened on more than one occasion.

27. Cries of pain would be ignored by Hile as she was inflicting the pain.

28. Another exceptional student education (ESE) teacher reported her concerns several times to Mesch about Hile's conduct toward her students; including using excessive force on the bus ramp; hearing children's screams from Hile's classroom; observing a child with bruising on his arms and legs after an encounter with Hile; reacting to students with anger and "physical and verbal aggression."

29. The above referenced ESE teacher shared her concerns with Theresa Bowen, a district administrator, who informed this ESE teacher that the School Board was aware of what was happening with Hile.

30. It was not until January 2008, that district coordinators for ESE students performed some training on the handling of autistic students with Hile.

Case 2:12-cv-00054-JES-DNF Document 1 Filed 01/30/12 Page 7 of 20 PageID 7

*CB and NB vs. Hile, et al*
*Complaint*

31. The district stated that its policy was that no force should be used in redirecting students, to get them on task, or to get them to comply with instruction, however, a different policy was being utilized that was condoned and ratified.

32. The policy in effect was that excessive force and unnecessary force was appropriate, encouraged and permissive in non-disciplinary and punishment situations such as the way being utilized by Hile.

33. Before being abused by Hile, C.B. did not have behavioral issues that required intervention.

34. Before being abused by Hile, C.B. did not require medication to control behavioral issues.

35. Since, and because of Hile, C.B has severe and significant behavior and aggression that require medication among other therapies that did not exist before being placed in class with Hile.

36. Before Hile, C.B. was able to live at home with his parents and siblings but could no longer live with his parents and siblings after, and because of, the abuse from Hile.

37. The progress this severely autistic boy had made, up until being placed with Hile, was greatly compromised.

38. On some occasions, Hile would not give C.B. the personal space needed by someone at C.B.'s level of autism; Hile would hover over him, antagonize him, provoke him and coax C.B. into acting out which would commence the abuse.

39. C.B.'s parents were not aware that the abuse was going on in part because C.B. was unable to verbally communicate what was happening to him although they did notice a

Case 2:12-cv-00054-JES-DNF Document 1 Filed 01/30/12 Page 8 of 20 PageID 8

*CB and NB vs. Hile, et al*
*Complaint*

change in his behavior at home along with the above mentioned bruising and marks they reported to Mesch.

40. C.B.'s behavior in Hile's class was typical of someone with his abilities and that behavior did not place himself or others in harm's way or otherwise justify the violence and force thrust upon him.

41. The severity of C.B.'s autism prevented him from communicating the abuse he was being subjected to, to his parents or anyone who could put a stop to it.

42. The violence, excessive force and abuse visited upon C.B. by Hile were arbitrary, capricious and unrelated to the goal of maintaining an atmosphere conducive to learning.

43. The techniques, maneuvers, or methods used on C.B. were not proscribed by any state agency, federal agency, or certified training organization.

44. The techniques, maneuvers, methods, procedures, or tactics used on C.B. were not part of any recognized or accepted disciplinary, therapeutic or protective system, and therefore were not performed to discipline, punish, soothe, defuse or protect.

45. The techniques, maneuvers, or methods used on C.B. were malicious and for the purpose of causing harm to C.B. and without a legitimate purpose.

46. There was no justifiable reason for the abuse and contact bestowed on C.B. by Hile.

47. The techniques, maneuvers, or methods used on C.B. caused substantial emotional and physical abuse.

48. One of the results of the repeated abuse was that C.B. was sent to a hospital-type facility and remains under psychiatric and psychological care.

Case 2:12-cv-00054-JES-DNF Document 1 Filed 01/30/12 Page 9 of 20 PageID 9

CB and NB vs. Hile, et al
Complaint

49. The School Board had an inadequate training program as to how to deal with special needs and autistic students. Instead of using accepted medical, psychological and behavioral methods of how to deal with these students, they reacted with violence and pain. This was further evidenced by the need for training not being acknowledged or implemented until after Hile's abusive tactics were revealed. The inadequate training was also acknowledged by a School Board member after the abuse was revealed.

50. The School Board's method for dealing with these students when they acted out was to institute physical altercations with the staff members and by attacking the student. This method was how the staff and agents were trained.

51. The training was inadequate because:

    a. The trained on method violated the student's constitutional rights;

    b. Was not an accepted or accredited way of dealing with autistic children when they may act up; and

    c. Had no value or legitimate purpose.

52. There was no need for the application of force to C.B.

53. C.B.'s injuries were physical, mental and emotional.

54. The abuse C.B. suffered at the hands of Hile was malicious.

55. The use of force by Hile was intentional and excessive under the circumstances at all times.

56. The force applied by Hile to C.B. presented a reasonably foreseeable risk of serious bodily injury to C.B.

Case 2:12-cv-00054-JES-DNF Document 1 Filed 01/30/12 Page 10 of 20 PageID 10

*CB and NB vs. Hile, et al*
*Complaint*

57. All conditions precedent to bringing this action have occurred, been waived, been satisfied or their satisfaction or attempted satisfaction would be futile, including the filing of notice pursuant to Florida Statute §768.

## COUNT I

### 42 U.S.C. § 1983: Violation of the Fourth and Fourteenth Amendments as to Defendant School Board

58. Plaintiffs re-allege and adopt by reference the allegations contained in paragraphs 1 through 57, as if fully set forth herein.

59. During C.B.'s attendance at the Gulf Elementary School, Hile acting under color of state law and acting as a school teacher employed and hired by the School Board, deprived C.B. of his rights guaranteed by the United States Constitution, (as recognized in 42 U.S.C. § 1983), in that the School Board's employee or staff member (Hile) subjected C.B. to physical and emotional abuse, including the twisting of his wrists until pain was induced; the bending of his fingers backwards to induce pain; pinching, pushing, pulling, hitting and striking of C.B.; forced feeding; cursing at C.B and verbally demeaning him, with or for no legitimate governmental purpose.

60. Excessive force or unreasonable force:

  a. The force and violence used against C.B. was excessive, unreasonable, arbitrary and shocks the conscience under the circumstances in violation of the Plaintiff's Fourth and Fourteenth Amendment rights under the United States Constitution.

  b. Defendants knew or should have known that the force and violence used was excessive, unreasonable and violated the United States Constitution.

  c. C.B. did not provoke the force and violence used against him and was not a threat to himself or others.

Case 2:12-cv-00054-JES-DNF   Document 1   Filed 01/30/12   Page 11 of 20 PageID 11

*CB and NB vs. Hile, et al*
*Complaint*

      d.      The force and violence visited upon C.B.'s body was not pursuant to any accepted or articulated punishment plan, therapy or protective procedure but did reflect school policy.

      e.      Defendants' conduct was unreasonable and/or shocks the conscience and offends the community sense of fair play and decency.

      f.      The force and violence was not done with any good faith purpose and was applied maliciously and sadistically for the purpose of causing harm.

      g.      Hile's conduct was intended to injure, inflict appreciable pain or otherwise harm without justification physically, emotionally and mentally.

      h.      The force and violence visited upon C.B.'s body was excessive and presented a reasonably foreseeable risk of serious bodily injury and emotional injury.

61.      The School Board, encouraged, condoned, and ratified the use by its staff and agents of the above referenced violence and force without just cause.

62.      As additional evidence of this custom, policy, and/or practice of condoning encouraging and/or permitting the use of such violence and force on students such as C.B. and other similarly situated persons, is that Principal Mesch and other School Board administrators knew about Hile's conduct for quite some time and did nothing productive to stop the abuse.

63.      Staff members and agents, including Hile, acted with reckless disregard for the rights of the Plaintiff when they committed the above referenced acts in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

64.      Defendant, School Board, condoned, supported, and ratified the practices of the staff members and agents in applying such force and violence and not intervening when such force and violence was being applied.

Case 2:12-cv-00054-JES-DNF   Document 1   Filed 01/30/12   Page 12 of 20 PageID 12

*CB and NB vs. Hile, et al*
*Complaint*

65. Throughout C.B.'s attendance at Gulf Elementary School, the School Board had a policy, custom, or practice of allowing its staff and agents to use excessive force and violence on its students and failed to properly train or supervise the staff and agents.

66. At all material times, staff members and agents were acting pursuant to the School Board's policies, customs and practices with respect to the application of force and violence. The de facto policies, customs and practices complained of include, but are not limited to, the use of excessive and unnecessary force by teachers, physical and emotional abuse of special needs students, the twisting of wrists until pain is induced; the bending of fingers backwards to induce pain; pinching, pushing, pulling, hitting and striking of students.; forced feeding; cursing and verbally demeaning special needs students, antagonizing them, with or for no legitimate governmental purpose.

67. The de facto policies, customs, and practices complained of were the moving force behind the deprivation of C.B.'s constitutional rights.

68. The conduct by the staff members and agents was recklessly and deliberately indifferent to the constitutional rights of C.B.

69. The School Board inadequately trained and/or supervised its staff and agents and inadequately screened potential employees, like Hile, and this inadequate training and/or supervision and inadequate hiring procedures amounted to a deliberate indifference to the rights of persons these staff members and agents came into contact with, including C.B.

70. The policies of inadequate training and a deficient hiring procedure are believed to not only constitute deliberate indifference to the rights of persons these staff members and agents came into contact with but was also an express policy.

Case 2:12-cv-00054-JES-DNF Document 1 Filed 01/30/12 Page 13 of 20 PageID 13

*CB and NB vs. Hile, et al*
*Complaint*

71. The failure to train and/or supervise and the deficient hiring procedure were the cause or was a cause of, and each was a moving force behind, the constitutional violation(s) suffered by C.B.

72. The School Board was on notice of the need to properly train staff members and agents on interacting with special needs students and to properly screen potential employees who would work closely with these students.

73. 42 U.S.C. § 1983 provides a remedy for violation of these rights.

74. As a direct and proximate result of the acts and omissions of all of the Defendants, C.B. suffered damages including past, present, and future emotional and physical distress, embarrassment, humiliation, shame, physical injury, hospitalization and medical malpractice resulting from that hospitalization, all of which exist to this day and will continue in the future.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

a. Award compensatory damages against Defendant, School Board

b. Grant injunctive relief to prevent Defendant, School Board from engaging in further conduct as alleged herein;

c. Award reasonable attorneys' fees and costs under 42 U.S.C. § 1988;

d. Award such additional or alternative relief as may be just, proper and equitable; and

e. Grant a jury trial on all issues so triable.

## COUNT II

**42 U.S.C. § 1983: Violation of the Fourth and Fourteenth Amendments as to Defendant Catherine Hile in her individual capacity**

Case 2:12-cv-00054-JES-DNF Document 1 Filed 01/30/12 Page 14 of 20 PageID 14

*CB and NB vs. Hile, et al*
*Complaint*

75. Plaintiffs re-allege and adopt by reference the allegations contained in paragraphs 1 through 57 as if fully set forth herein.

76. On several occasions throughout the 2008-2009 school year (commencing in August 2008) Defendant Hile, acting under color of state law and through her employment by the state, deprived C.B. of his rights guaranteed by the United States Constitution (as recognized in 42 U.S.C. § 1983) in that the School Board's employee or staff member (Hile) subjected C.B. to physical and emotional abuse, including the twisting of his wrists until pain was induced; the bending of his fingers backwards to induce pain; pinching, pushing, pulling, hitting and striking of C.B.; forced feeding; cursing at C.B and verbally demeaning him, with or for no legitimate governmental purpose.

77. Excessive force:

　　a. The force and violence used against C.B. was excessive, unreasonable, arbitrary and shocks the conscience under the circumstances in violation of the Plaintiff's Fourth and Fourteenth Amendment rights under the United States Constitution.

　　b. Hile knew or should have known that the force and violence used was excessive, unreasonable and violated the United States Constitution.

　　c. C.B. did not provoke the force and violence used against him and was not a threat to himself or others.

　　d. The force and violence visited upon C.B.'s body was not pursuant to any accepted or articulated punishment plan, therapy or protective procedure but did reflect school policy.

　　e. Defendant's conduct was unreasonable and/or shocks the conscience and offends the community sense of fair play and decency.

Case 2:12-cv-00054-JES-DNF Document 1 Filed 01/30/12 Page 15 of 20 PageID 15

*CB and NB vs. Hile, et al*
*Complaint*

  f. The force and violence was not done with any good faith purpose and was applied maliciously and sadistically for the purpose of causing harm.

  g. The staff's and agent's conduct was intended to injure and inflict appreciable pain or otherwise harm without justification.

  h. The force and violence visited upon C.B.'s body was excessive and presented a reasonably foreseeable risk of serious bodily injury and emotional injury.

78. Defendant Hile acted with reckless disregard for the rights of the Plaintiff when she committed the above referenced acts in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

79. As a direct and proximate result of the acts and omissions of Hile, C.B. suffered damages including past, present, and future emotional and physical distress, embarrassment, humiliation, shame, physical injury, hospitalization and medical malpractice resulting from that hospitalization, all of which exist to this day and will continue in the future.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

  a. Award compensatory damages against Defendant Hile;

  b. Grant injunctive relief to prevent Defendant Hile from engaging in further conduct as alleged herein;

  c. Award reasonable attorneys' fees and costs under 42 U.S.C. § 1988;

  d. Award such additional or alternative relief as may be just, proper and equitable; and

  e. Award punitive damages against Hile.

  f. Grant a jury trial on all issues so triable.

Case 2:12-cv-00054-JES-DNF   Document 1   Filed 01/30/12   Page 16 of 20 PageID 16

*CB and NB vs. Hile, et al*
*Complaint*

## COUNT III

### Common Law Negligent Retention (School Board)

80. Plaintiffs re-allege and adopt by reference the allegations contained in paragraphs 1 through 57 as if fully set forth herein.

81. Before and during the abuse, excessive force and violence that was committed against C.B., the School Board was aware and/or was put on notice of the potentially harmful propensities of its staff members and/or agents, including Hile.

82. C.B. was within the zone of foreseeable risk created by the School Board's employment of the staff members and/or agents, including Hile, that committed abuse, excessive force and violence.

83. Despite knowing of the propensities of its staff members and agents to do harm to students, the School Board allowed those staff members and agents to remain in its employ or agency thereby endangering students and the Plaintiff.

84. The School Board owed C.B. a duty, based on their special relationship and generally, to terminate staff members and agents, including Hile that were unfit, unqualified and/or did not have the disposition to be in contact with C.B. or other special needs children.

85. The School Board breached these duties to the Plaintiffs by:

   a. Failing to discharge, terminate or reassign the offending staff members and agents before they came into contact with C.B.;

   b. After receiving notice of the abusive tendencies and history of offending staff members and agents allowing them to continue in their respective job duties;

Case 2:12-cv-00054-JES-DNF   Document 1   Filed 01/30/12   Page 17 of 20 PageID 17

*CB and NB vs. Hile, et al*
*Complaint*

86. As a direct and proximate result of the acts and omissions of the School Board, C.B. suffered damages including past, present, and future emotional and physical distress, embarrassment, humiliation, shame, physical injury, hospitalization and medical malpractice resulting from that hospitalization, all of which exist to this day and will continue in the future.

**WHEREFORE**, Plaintiffs demand judgment for damages against the School Board and trial by jury on all issues so triable.

## COUNT IV

### Common Law Negligent Supervision (School Board)

87. Plaintiffs re-allege and adopt by reference the allegations contained in paragraphs 1 through 57 as if fully set forth herein.

88. The School Board owed a duty to C.B., based on their special relationship and generally, to properly supervise, oversee and/or manage its staff and agents to ensure that they adequately, reasonably and responsibly performed their duties not to harm or abuse students at the Gulf Elementary School, including the commission of abuse, excessive force and violence.

89. The School Board breached this duty by failing to properly supervise oversee and/or manage its staff and agents, including Hile, to ensure that they adequately, reasonably and responsibly performed their duties not to harm or abuse students, including the commission of physical abuse, excessive force and violence.

90. As a direct and proximate result of the acts and omissions of all of the School Board, C.B. suffered damages including past, present, and future emotional and physical distress, embarrassment, humiliation, shame, physical injury, hospitalization and medical malpractice resulting from that hospitalization, all of which exist to this day and will continue in the future.

Case 2:12-cv-00054-JES-DNF Document 1 Filed 01/30/12 Page 18 of 20 PageID 18

*CB and NB vs. Hile, et al*
*Complaint*

**WHEREFORE**, Plaintiffs demand judgment for damages against the School Board and trial by jury on all issues so triable.

## COUNT V

### Common Law Negligent Training or Instruction (School Board)

91. Plaintiffs re-allege and adopt by reference the allegations contained in paragraphs 1 through 57 as if fully set forth herein.

92. School Board owed a duty to C.B., based on their special relationship and generally, to properly train, instruct, oversee and/or manage its agents and staff to ensure that they adequately, reasonably and responsibly performed their duties not to harm or abuse students, including the commission of physical abuse, excessive force and violence.

93. School Board breached this duty by failing to properly train, instruct, oversee and/or manage its staff and agents, including Hile, to ensure that they adequately, reasonably and responsibly performed their duties not to harm or abuse students, including the commission of physical abuse, excessive force and violence.

94. There was almost no training or instruction on how to properly deal with autistic students and any training that was given was inadequate.

95. School Board failed to properly train or instruct its staff and agents on how to interact or deal with autistic students or students with special needs when that student may act out.

96. School Board failed to properly train or instruct its staff and agents on when it would be appropriate to touch a special needs or autistic student and how to touch a special needs or autistic student.

Case 2:12-cv-00054-JES-DNF Document 1 Filed 01/30/12 Page 19 of 20 PageID 19

*CB and NB vs. Hile, et al*
*Complaint*

97. As a direct and proximate result of the acts and omissions of the School Board, C.B. suffered damages including past, present, and future emotional and physical distress, embarrassment, humiliation, shame, physical injury, hospitalization and medical malpractice resulting from that hospitalization, all of which exist to this day and will continue in the future.

**WHEREFORE**, Plaintiffs demand judgment for damages against School Board and trial by jury on all issues so triable.

## COUNT VI

### Common Law Negligent Hiring (School Board)

98. Plaintiffs re-allege and adopt by reference the allegations contained in paragraphs 1 through 57 as if fully set forth herein.

99. The School Board owed a duty to the Plaintiffs of reasonable care, including but not limited to that of making an adequate investigation of employees, including Hile.

100. The Defendant breached that duty of reasonable care, and was negligent and careless in the hiring of the agent, employee, and/or teacher, who abused and harmed C.B., by hiring Hile without appropriately investigating her background to determine her suitability for the particular employment. An appropriate investigation of the subject employee would have revealed her unsuitability for the position of teacher, or even teacher's aide, with one of the job responsibilities being the interaction with special needs children in a close and somewhat tense environment. Alternatively, School Board was negligent in hiring the subject employee, agent, and/or teacher, despite knowledge of her violent propensities and unfitness. It was unreasonable to hire said employee, agent, and/or teacher, in light of the information that the School Board knew or should have known.

101. It was foreseeable or should have been foreseeable to the School Board that the

agent, employee, and/or teacher, who abused and harmed C.B., would do so, as Hile had a history of violent behavior, abuse and dangerous propensities and/or was otherwise unfit for these particular duties.

102. As a direct and proximate result of the acts and omissions of the School Board, C.B. suffered damages including past, present, and future emotional and physical distress, embarrassment, humiliation, shame, physical injury, hospitalization and medical malpractice resulting from that hospitalization, all of which exist to this day and will continue in the future.

**WHEREFORE**, Plaintiffs demand judgment for damages against School Board and trial by jury on all issues so triable.

Respectfully submitted,

_____
ADAM M. BALKAN, ESQ.
Florida Bar No.: 0044880
Balkan & Patterson, LLP
601 S. Federal Highway, #302
Boca Raton, FL 33432
Telephone:   (561) 750-9191
Facsimile:    (561) 750-1574
adam@balkanpatterson.com

Attorneys for Plaintiffs